[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 10 November 1994 Date of Application: 28 November 1994 Date Application Filed: 28 November 1994 Date of Decision: 24 October 1995
Application for review of sentence imposed by the Superior court for the Judicial district of Middlesex at Middletown. Docket #CR9-121727.
John J. Bunce, Esq., For the Petitioner.
Timothy J. Liston, Esq., For the State.
BY THE DIVISION
The petitioner was found guilty after a jury trial of four counts of Risk of Injury in violation of Conn. Gen. Stat. § 53-21; two counts of Criminal Attempt to Commit Sexual Assault 1st Degree in violation of Conn. Gen. Stat. § 53a-70(a)(2) via 53a-49 and Sexual Assault 4th Degree in violation of Conn. Gen. Stat. § 53(a)(1)(A). The court imposed a sentence of ten years on each count of risk of injury; twenty years execution suspended after ten years on the two sexual assault counts and one year concurrent on the sexual assault in the fourth count. The total effective sentence was twenty years execution suspended after ten years with five years probation with many special probationary conditions.
The petitioner, who is the step-grandfather of the six CT Page 12499-SS year old victim, was convicted of various sexual acts which included cunnilingus, digital penetration and attempted fellatio with the child.
At the hearing counsel for the petitioner emphasized that the petitioner was seventy years old and for a man of his age the sentence imposed was "far out of balance." Counsel felt the court failed to give adequate consideration to the other sixty-nine years of the petitioner's life. Arguing that probation recommended some incarceration, counsel felt that the crimes the petitioner was convicted of exist on the lower end of the criminal spectrum and the sentence given the petitioner is excessive. He argued strongly that rehabilitation has already been served and that the needs of society for punishment have been satisfied.
The state indicated that the defendant throughout the trial blamed the victim and that the petitioner never accepted responsibility for his acts. The state urged affirmance.
In reviewing the remarks of the sentencing court, we find that the court properly focused upon the victim and the emotional scars she has experienced because of the acts of the petitioner. The court strongly indicated that the sentence was imposed to assure that the victim would be protected from the petitioner. In view of the standards required of Practice Book 942, we find that the sentence given is appropriate and it is AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J. participated in this decision.